UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHAMENDE ONSOY and DEMYTRYA GIBBS,

                                                  Plaintiffs,

    -against-

MICHAEL IZZO; DIANA PICHARDO; FRANK GAMBINA; and JOHN and JANE DOE 1-10, individually and in their official capacities (the names John Doe being fictitious, as the true names are

                                                  Defendants.
------------------------------------------------------------------------X

**1ST AMENDED COMPLAINT AND JURY DEMAND**

Docket No.
15-cv-5574

ECF CASE

Plaintiffs Shamende Onsoy and Demytrya Gibbs, by their attorney Cary London, Esq., of London Indusi LLP, for their complaint against Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiffs seek relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of their civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from an August 29, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Ms. Onsoy and Ms. Gibbs without probable cause. Plaintiffs initially spent approximately 24 hours unlawfully in police custody. At arraignments, Plaintiffs' cases were dismissed and sealed in their favor.

3. Plaintiffs seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Shamende Onsoy ("Ms. Onsoy") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. Plaintiff Demytrya Gibbs ("Ms. Gibbs") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

9. Michael Izzo, Shield No. 4225 ("Izzo") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Izzo was, at the time relevant herein, a Police Officer under Shield # 4225 of the 60th Precinct. Defendant Izzo is sued in his individual capacity.

10. Diana Pichardo, Shield No. 2816 ("Pichardo") was, at all times here relevant, a sergeant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Pichardo was, at the time relevant herein, a sergeant under Shield # 2816 of PSA 1. Defendant Pichardo is sued in her individual capacity.

11. Frank Gambina, Shield No. 29567 ("Gambina") was, at all times here relevant, a

police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gambina was, at the time relevant herein, a Police Officer under Shield # 29567 of PSA 1. Defendant Gambina is sued in his individual capacity.

12. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL CHARGES**

15. On August 29, 2015, at approximately 12:00 a.m., Ms. Onsoy and Ms. Gibbs were sitting outside 2304 West 8th Street in Brooklyn, King's County, New York.

16. Plaintiffs were not committing any crime or violating any law or local ordinance.

17. The Defendants, including Defendant Izzo, unlawfully stopped Plaintiffs outside of 2304 West 8th Street in Brooklyn, New York.

18. The Defendants did not observe Plaintiffs commit any crime or infraction.

19. Defendants, including Defendants Izzo, Pichardo, and Gambina, asked Plaintiffs for identification.

20. Plaintiffs complied with Defendants orders and handed Defendant Izzo identification in the form of a New York State Drivers License.

21. Defendants, including Defendants Izzo, Pichardo, and Gambina, told Plaintiffs to turn around and put their hands behind their backs despite having done nothing wrong.

22. Defendants, including Defendants Izzo, Pichardo, and Gambina, unlawfully handcuffed Plaintiffs.

23. Defendant Izzo did not have probable cause or reasonable suspicion to detain or arrest Plaintiffs.

24. Plaintiffs did not resist arrest.

25. Defendants, including Defendants Izzo, Pichardo, and Gambina, searched Plaintiffs person without their authority or permission.

26. No contraband or anything of illegality was found on Plaintiffs.

27. Defendants, including Defendants Izzo, Pichardo, and Gambina, placed Plaintiffs under arrest and transported them to the 60th Precinct.

28. Plaintiffs were unlawfully held in police custody for approximately 24 hours before being arraigned on those charges.

29. At arraignments, Plaintiffs reluctantly accepted Adjournment in Contemplation of Dismissals with immediate sealing.

30. Defendants, including Defendants Izzo, Pichardo, and Gambina, repeatedly falsified information relating to the facts and circumstances surrounding Plaintiffs arrest, including a false claim they had observed Plaintiffs consume alcohol in public.

31. Plaintiffs never possessed or consumed alcohol in public on August 29, 2015.

32. Defendants spoke to one or more prosecutors at the King's County District Attorney's

office and falsely informed them that Plaintiffs consumed alcohol in public on August 29, 2015.

33. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiffs without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiffs without probable cause.

34. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Plaintiffs and violate their civil rights.

35. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the following injuries and damages: violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

36. The above paragraphs are here incorporated by reference as though fully set forth.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

39. The above paragraphs are here incorporated by reference as though fully set forth.

40. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

41. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. The individual Defendants created false evidence against Plaintiffs, to wit, sworn documents and testimony alleging that Plaintiffs consumed alcohol in public.

45. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

46. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiffs' right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiffs compensatory and special damages in an amount to be determined by a jury;

d) Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury.

Dated: August 18, 2016
Brooklyn, New York                                         Respectfully submitted,


                                                                   /s/ Cary London_____
                                                           *Cary London, Esq.*
                                                           Bar Number: JI6499
                                                           Attorney for Plaintiffs
                                                           London Indusi LLP
                                                           186 Joralemon Street, Suite 1202
                                                           Brooklyn, NY 11201
                                                           (718) 301-4593 – Phone
                                                           (718) 247-9391 – Fax
                                                           Cary@LondonIndusi.com